

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:03-CR-0047 (03) |
| | § | |
| JULIO CESAR JACOBO | § | |

### REPORT AND RECOMMENDATION TO DENY, IN PART, DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Came for consideration defendant JULIO CESAR JACOBO's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. For the reasons hereinafter expressed, the undersigned Magistrate Judge is of the opinion defendant is entitled to no relief and recommends the motion to vacate, set aside or correct sentence be DENIED except for defendant's allegation of ineffective assistance of counsel as it relates to counsel's alleged failure to file a direct appeal. An evidentiary hearing will be held on Thursday, September 6, 2007 as to that claim.

### I.
### FACTS AND PROCEDURAL HISTORY

On April 29, 2003, defendant, in a seventeen-count indictment, was charged in four counts with the offenses of conspiracy to possess with intent to distribute methamphetamine, possession with intent to distribute methamphetamine, possession with intent to distribute a controlled substance near a school zone, and possession of a firearm in connection with a drug crime. On June 19, 2003, defendant pled guilty to the conspiracy count. On October 1, 2003, the District Judge sentenced defendant to a term of 292 months imprisonment and a 5-year term

of supervised release. Defendant did not directly appeal his conviction or sentence.

On August 27, 2004, defendant filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On October 12, 2004, the government filed its response in opposition to defendant's motion to vacate. On November 1, 2004, defendant filed a reply to the government's response. On November 2, 2004, defendant filed a motion to file a supplemental pleading requesting leave to assert new grounds for relief. On November 17, 2004, defendant filed a memorandum in support of his proposed motion to supplement, as well as an appendix. On March 11, 2005, the government filed a response opposing defendant's motion to file a supplement, as well as a response to the proposed supplementation. On April 7, 2005, defendant filed a reply to the government's response.

II.
DEFENDANT'S ALLEGATIONS

In his motion and accompanying memorandum, defendant raises the following grounds in support of his contention that his conviction and sentence were imposed in violation of the Constitution or laws of the United States:

1. Defendant's guilty plea was involuntary and unknowing, and unlawfully induced, because trial counsel advised defendant he would receive, at most, a 10-year sentence; and

2. Counsel was ineffective for failing to:

   a. object to the quantity of drugs for which he was held responsible as a result of the conspiracy offense;

   b. object to the Base Offense Level utilized in the Presentence Report;

   c. object to the 2-point level enhancement for possession of a firearm in furtherance of drug trafficking;

      d.      object to the 3-point level enhancement for defendant serving in a managerial role in the conspiracy; and

      e.      perfect a direct appeal on defendant's behalf.

## III.
## EFFECTIVENESS OF COUNSEL

Ordinarily, in order to prevail on a claim that he was denied his constitutional right to the effective assistance of counsel, a defendant must satisfy two requirements. "First, he would have to show that his attorney's conduct fell below an objective standard of reasonableness. Second, he would have to demonstrate a reasonable probability that he was prejudiced by his attorney's unprofessional errors." *United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989); *see also Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The question of whether a defendant has been subjected to ineffective assistance of counsel is a mixed question of fact and law. *United States v. Rusmisel*, 716 F.2d 301, 304 (5th Cir. 1983).

A showing that his attorney's conduct was deficient requires a "showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. The performance inquiry must center on whether counsel's assistance was reasonable considering all the circumstances at the time of counsel's conduct. *Id*. at 688-690. As for the issue of prejudice, defendant must do more than simply allege prejudice, he must "affirmatively prove" prejudice. *See Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.), *cert. denied*, 476 U.S. 1143 (1986) (*Strickland*, 466 U.S. at 693). In the context of a guilty plea, to prove prejudice a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 50 (1985).

Voluntariness of Plea

Defendant alleges counsel informed him he "would only receive, [at] the most, 10 years" if he pled guilty to the conspiracy count. Defendant was sentenced to a term of approximately 24 years. Defendant alleges his attorney "failed to inform [defendant] of the actual consequences of the plea." Defendant concludes his conviction was thus "obtained by [a] plea of guilty which was unlawfully induced or not made with the understanding of the nature of the charge and the consequences of the plea." In effect, defendant claims ineffective assistance of counsel, to wit: counsel's erroneous statement regarding his sentencing exposure being limited to 10 years, rendered his plea involuntary.

A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.' " *Cuyler v. Sullivan,* 446 U.S. 335, 344, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) (quoting *McMann v. Richardson,* 397 U.S. 759, 770-71, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)). However, "an erroneous estimate by counsel as to the length of sentence" is not "necessarily indicative of ineffective assistance." *Beckham v. Wainwright,* 639 F.2d 262, 265 (5th Cir. 1981). An attorney's "good faith but erroneous prediction of a sentence . . . does not render the guilty plea involuntary." *Johnson v. Massey,* 516 F.2d 1001, 1002 (5th Cir. 1975); *accord United States v. Stumpf,* 827 F.2d 1027, 1030 (5th Cir. 1987) ("a defendant's reliance on his attorney's erroneous prediction of leniency is not sufficient to render a guilty plea involuntary"). As noted in *Daniel v. Cockrell,* 283 F.3d 697, 703 (5th Cir.2002):

> [a] guilty plea is not rendered involuntary by the defendant's mere subjective understanding that he would receive a lesser sentence. In other words, if the defendant's expectation of a lesser sentence did not result from a promise or guarantee by the court, the prosecutor or defense counsel, the guilty plea stands. Likewise, a guilty plea is not rendered involuntary because the defendant's

misunderstanding was based on defense counsel's inaccurate prediction that a lesser sentence would be imposed.

When a prisoner challenges his plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. As noted above, to satisfy this requirement in the plea context, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* Even when an attorney erroneously estimates the defendant's potential sentence, defendant must satisfy this requirement. *United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir. 1987). This Court must consider the totality of the evidence in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96.

Here, defendant JACOBO alleges his attorney advised him he would not receive more than 10 years if he pled when, in fact, he received approximately 24 years. Defendant has not submitted any affidavits to support his allegation that his trial counsel misadvised him as to the maximum sentence he could receive. In fact, defendant has not offered any independent proof to support this claim. Even though there is great disparity between counsel's alleged erroneously estimated sentence and the actual sentence assessed, the defendant's claims and his unsupported, conclusory statements are not sufficient to overcome his statements in open court.

First, the record shows defendant was aware his sentence would be ten years or more rather than "[at] the most, ten years." The Factual Resume, which defendant signed, clearly stated defendant's minimum penalty was "not less than ten years." The Plea Agreement, signed by defendant, also stated defendant would be exposed to "imprisonment for a period *not less*

*than ten years*." (emphasis added). The Plea Agreement also noted the actual sentence defendant would receive would be within the discretion of the Court. At defendant's June 19, 2003 rearraignment, the Court again confirmed defendant understood his counsel could not tell him exactly what his guidelines would be. In the Presentence Report and again at sentencing, defendant was again advised that the offense with which he was charged was punishable by imprisonment for a period of *not less than ten years*. At the plea hearing, defendant was specifically advised that the count to which he was pleading guilty carried a minimum sentence of ten years and a maximum sentence of life imprisonment. Defendant stated he understood the available range of punishment. Defendant further stated he understood the charge against him, and stipulated to the truth and correctness of all the facts contained in the factual resume he signed. Defendant specifically stated no one made him any promises not contained within the plea agreement. Despite all of these specific admonitions from the Court, defendant persisted with his guilty plea. Consequently, regardless of what his attorney may have allegedly told him prior to his plea, defendant was advised through both the plea agreement and at the plea colloquy that the *minimum* sentence for the charged offense was ten years – a length more than the sentence defendant contends counsel advised him he would receive. That defendant "neither refused to enter his plea nor voiced any objection when confronted with this information precludes him from arguing that he pled guilty in reliance upon some alternative characterization of his exposure given to him by his counsel." *United States v. Bjorkman*, 270 F.3d 482, 503 (7th Cir. 2001). Given that defendant knew the Court was charged with sentencing him within the statutory range of punishment of 10 years up to life imprisonment, that the plea agreement contained no promise of what the sentence would be, and that he swore in open court that there

were no promises outside the plea agreements, defendant's claim is not credible and is without merit.

To the extent, if any, defendant claims his plea was rendered involuntary due to an unfulfilled promise by his counsel, such claim is also without merit. "[A] guilty plea may be invalid if induced by defense counsel's unkept promises." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). When an alleged unfulfilled promise does not appear in the written plea agreement and such promise is inconsistent with representations made in open court, the defendant faces a heavy burden to obtain relief under section 2255 on a claimed involuntary plea. *Id.* To obtain relief under section 2255 "on the basis of alleged promises" that are inconsistent with representations made in open court at the time of the plea or with statements made in a signed court document, defendant must prove (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise. *Id.; see also Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989). Defendant has not carried that burden. The Plea Agreement stated, "There have been no guarantees or promises from anyone as to what sentence the Court will impose." Further, defendant claims the promise of a 10-year or less sentence occurred on the day of sentencing, but does not specify specifically when or where the alleged promise of ten years or less was made, nor has he identified an eyewitness to the promise. Again, as with his allegation of misadvice on the part of defense counsel, defendant has not submitted any affidavits to support his allegation that trial counsel promised him a 10-year or less sentence. Defendant has not offered any independent proof to support this claim. Not only is there no evidence in the record a promise was made to defendant he would receive a sentence of less than ten years, the

record directly refutes such a claim. Defendant's first ground should be denied.

## Quantity of Drugs

In the Indictment, defendant was charged with conspiring "to distribute and to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine." In the Factual Resume signed by defendant, defendant concurred that "the overall scope of the conspiracy involved at least 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine." At defendant's June 19, 2003 rearraignment, the United States District Judge also confirmed defendant was pleading guilty to conspiracy involving at least 500 grams or more of a mixture containing a detectable amount of methamphetamine and defendant JACOBO confirmed everything in the Factual Resume was true. Tr. 27.

In the PSI, it was noted that execution of a search warrant of a house utilized by defendant to process and store methamphetamine uncovered approximately 20 pounds of methamphetamine. According to DEA laboratory reports, 5,026.76 grams of methamphetamine (actual) were seized (the equivalent to 5.026 kilograms of methamphetamine (actual)). PSI at 7.

At sentencing, defendant confirmed to the Court that he could not "think of anything at all that [was] not correct in the Presentence Report." Tr. 30. The Court then proceeded to sentence defendant to 292 months imprisonment, a sentence at the bottom of the guideline range. The Court explained:

> Now, your guidelines were 292 to 365 months. The Court has imposed a sentence at the very bottom of the guidelines, but the sentence of 292 months is justified because of the quantity of drugs you possessed, its purity level, and your role in the offense. You also received enhancement for the possession of a

firearm during commission of this offense.

And the Court has considered the fact that your — 292 months is a long time. The Court's considered that in setting your sentence at the bottom of the guidelines.

Tr. 26.

Defendant argues counsel was ineffective for failing to object to the quantity of drugs for which defendant was held accountable in the PSI. Defendant, however, has not identified any basis upon which counsel could have objected to the amount of drugs, nor has he demonstrated such an objection would have been successful or how such an objection would have changed his sentence. Defendant's claim is conclusory and unsupported by any factual evidence or even clarified by argument. Conclusory allegations of deficient performance and prejudice are not sufficient to prove claims of ineffective assistance of counsel. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## Base Offense Level

In the PSI, defendant was held accountable for approximately 5,026 grams of d-methamphetamine (actual) and was attributed a base offense level of 38. Defendant argues counsel was ineffective for failing to object to this base offense level.

Again, in his original motion, defendant has not identified the basis on which counsel could have objected to the base offense level, nor has he demonstrated such an objection would have been successful or how such an objection would have changed his sentence. Defendant's claim is conclusory and unsupported by any factual evidence or even clarified by argument. Conclusory allegations of deficient performance and prejudice are not sufficient to prove claims of ineffective assistance of counsel. *Miller*, 200 F.3d at 282.

## Gun Enhancement

In the Factual Resume, defendant acknowledged three (3) firearms were found in his residence. The PSI noted, pursuant to USSG § 2D1.1(b)(1), two (2) levels are added to the base offense level if a dangerous weapon (including a firearm) was possessed. The PSI, finding defendant had three (3) firearms located in his residence, added two points to defendant's base offense level. Defendant argues counsel was deficient for failing to object to the 2-point enhancement for carrying a firearm during and in relation to a drug trafficking crime.

Again, defendant has not explained why he contends he should not have received the enhancement for possession of a firearm, nor has he identified the basis on which counsel should have objected to the gun enhancement. Defendant's claim is conclusory and unsupported by any factual evidence or even clarified by argument. Conclusory allegations of deficient performance and prejudice are not sufficient to prove claims of ineffective assistance of counsel. *Miller*, 200 F.3d at 282. Defendant's ground should be denied.

## Managerial Role Enhancement

In the Factual Resume defendant conceded that he and two other co-defendants "were responsible for the processing, storage, and distribution of methamphetamine in Amarillo, Texas." He also conceded he "oversaw the distribution of methamphetamine and the collection of drug proceeds in Amarillo, Texas." At rearraignment, defendant testified everything in the Factual Resume was true. In the PSI, defendant's offense level was increased by three (3) points for defendant's involvement in the conspiracy as a "manager and/or supervisor." Although the PSI found defendant was "extensively involved in the conspiracy," it was noted defendant could not be considered an organizer or leader. Defendant argues counsel was ineffective for failing to

object to the 3-point enhancement for his managerial or supervisory role in the offense.

Again, however, defendant has not identified the basis on which counsel could have objected to the enhancement, nor has he demonstrated such an objection would have been successful or how such an objection would have changed his sentence. Defendant's claim is conclusory and unsupported by any factual evidence or even clarified by argument. Conclusory allegations of deficient performance and prejudice are not sufficient to prove claims of ineffective assistance of counsel. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). This ground should be denied.

## Failure to File Appeal

Defendant argues counsel was ineffective for failing to pursue a direct appeal on his behalf. Defendant claims he not only informed his attorney he wished to appeal but, at sentencing, specifically instructed counsel to file an appeal raising the issues set forth above. Defendant contends he did not waive his right to appeal as part of his plea agreement, was never informed he could not appeal his sentence and, in fact, specifically had the right to appeal his sentence under 18 U.S.C. § 3742(a). Defendant maintains he would have attempted to file an appeal on his own had he known counsel was not going to appeal on his behalf. Defendant argues he was prejudiced by counsel's failure to file a notice of appeal because it "took from petitioner his post conviction right to an appeal." Defendant concludes prejudice is presumed and that he does not have to specify what points he would have raised on appeal or show such points would likely have had merit because defense counsel denied defendant review of his case by a higher court by failing to perfect an appeal.

To demonstrate ineffective assistance of counsel based on a claim that counsel failed to

file a notice of appeal, a defendant must show that the failure to file fell below an objective standard of reasonableness and that it prejudiced the defendant. *See Roe v. Flores-Ortega*, 528 U.S. 470, 484, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Failing to file a notice when requested to do so can constitute deficient performance. *Id*. at 477-78. As to prejudice, the defendant need not demonstrate that he would have been able to raise meritorious issues on appeal. *Id*. at 486. Rather, he must demonstrate only that there is a reasonable probability that, but for counsel's failure, he would have appealed. *Id*. Defense counsel, however, does not have a duty to perfect an appeal on behalf of a convicted defendant unless and until the defendant makes it known that he wants to appeal. *Childs v. Collins*, 995 F.2d 67, 69 (5th Cir. 1993). The decision to appeal or not appeal is that of the defendant, not defense counsel. Counsel will only be found to be deficient if he fails to follow the defendant's express instructions with respect to an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).[1]

On September 29, 2004, defendant's trial counsel submitted an affidavit, sworn to and the truth of which was declared under penalty of perjury, wherein he averred, "Mr. Jacobo never expressed to me, in Spanish or English, a desire to appeal his conviction."[2] Defendant JACOBO claims, in his pleadings, that he requested his attorney file a notice of appeal on the date of his sentencing. The court records on file do not resolve this issue. Consequently, an evidentiary hearing will be held on Thursday, September 6, 2007 regarding this claim.

---

[1] "[F]ailure of counsel to timely file an appeal upon request of the defendant . . . would constitute ineffective assistance of counsel entitling the defendant to post-conviction relief in the form of an out-of-time appeal." *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir.1982).

[2] Defendant, in his reply, argues counsel's statement in his affidavit that defendant did not advise him to appeal his "conviction" should not be considered as evidence refuting his claims because defendant never disputed the conviction, rather, he instructed counsel to appeal his "sentence." The undersigned does not afford such significance to trial counsel's choice of wording as an appeal would encompass a challenge to all aspects of the underlying proceeding, even if the grounds of error raised may attack only the sentence assessed as a result of the conviction.

# IV.
# SUPPLEMENTAL PLEADING

In a motion to file a supplemental pleading filed November 2, 2004, after the government's response to defendant's motion to vacate had been filed, defendant sought leave to present three (3) new grounds, to wit:

1. Defendant was unconstitutionally prosecuted on an information rather than an indictment returned by a grand jury;

2. The district court failed to inform defendant of his right to appeal and that he would be afforded an attorney for that appeal if he desired as provided in Rule 32(c)(5) of the Federal Rules of Criminal Procedure; and

3. The indictment against defendant failed to allege a quantity of narcotics as an element of the offense in violation of *Apprendi v. New Jersey*.

In a memorandum of law in support of his motion to file the supplemental pleading, defendant also attempts to further expound on his original grounds and the above supplemental grounds by asserting:

1. Counsel was ineffective for failing to object to the quantity and type of methamphetamine involved in the conspiracy; and

2. Counsel was ineffective for allowing defendant to plead guilty when the indictment against defendant failed to allege a quantity of narcotics as an element of the offense in violation of *Apprendi v. New Jersey*.

### Information or Indictment

Defendant asserts he was unconstitutionally prosecuted on an information rather than an indictment returned by a grand jury. Defendant, however, was charged by indictment on April 29, 2003 and pled guilty to count one of that indictment. Defendant's argument is without merit and should be denied.

Section 32 Advice

Defendant also appears to allege his conviction is unconstitutional because the district court failed to inform defendant, after sentencing, of his right to appeal his sentence and that he would be afforded an attorney for that appeal if he desired.  *See* Fed. R. Crim. Proc. 32(j)(1)(B), (C).  Defendant asserts he had no knowledge of his right to appeal, and that had the Court informed him of his appellate rights, he "would have most certainly pursued his appellate rights."  Defendant maintains the Court's failure to advise him requires a vacatur of his sentence

The government concedes it does not appear the court informed defendant of his right to appeal his sentence.  Even assuming a violation of Rule 32, however, the defendant is not necessarily entitled to collateral relief.  Such a violation does not entitle a defendant to collateral relief unless the defendant can show he was prejudiced by the court's failure to inform him of the right to appeal.  *Peguero v. United States*, 526 U.S. 23, 27 (1999).  If a defendant had independent knowledge of his right to appeal, there is no prejudice.  *Id*. at 29-30.

It is clear defendant had independent knowledge of the right to appeal.  In his original motion to vacate, defendant asserts counsel was ineffective for failing to appeal his sentence.  In the memorandum to his original motion, defendant acknowledges he knew he had a right to appeal when he was sentenced, that he specifically requested counsel appeal his sentence, and that, had counsel told him he was not going to file an appeal, defendant would have filed it himself.  *See Memorandum*, pp. 5-10.  Clearly, defendant was aware he had a right to appeal his sentence and was not prejudiced by the Court's failure to inform him of that right.  Defendant is not entitled to relief on this ground .

*Apprendi*

Defendant pled guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. Defendant contends his conviction is invalid because the indictment against him failed to allege a quantity of drugs as an element of the offense in violation of *Apprendi v. New Jersey,* 530 U.S. 466 (2000). Defendant argues that under *Apprendi*, he could not be held responsible for more than 500 grams of methamphetamine because the indictment did not state a specific quantity of the drug. Defendant also asserts counsel was ineffective for allowing him to plead guilty when the indictment against defendant was in violation of *Apprendi*.

An indictment is sufficient to satisfy *Apprendi* when it alleges a drug quantity range, as opposed to a precise drug quantity. *United States v. DeLeon*, 247 F.3d 593, 597 (5th Cir. 2001). An indictment also satisfies *Apprendi* when it alleges a defendant possessed "more than" a certain amount of drugs, without an upper end to the range, if the lower end amount charged clearly identifies the applicable penalty for that quantity, and the sentence assessed is not in excess of the statutory maximum permitted by the statute. *See United States v. Moreci*, 283 F.3d 293 (2002) (the identification of "over 50 kilograms" without an explicit upper range quantity in the indictment sufficiently alleged a drug quantity so as to avoid an *Apprendi* error).

Here, the indictment against defendant charged, and defendant admitted, responsibility for more than 500 grams of methamphetamine. Section 21 U.S.C. 841(b)(1)(A)(viii), the penalty enhancement statute applicable to this charged quantity of methamphetamine, provides for a maximum sentence of no more than life. Defendant's sentence is within the range of punishment set forth in section 841(b)(1)(A)(viii). *Apprendi* is not applicable to defendant's sentence.

An objection, on the basis of *Apprendi*, to the amount of methamphetamine for which defendant was held responsible would have been frivolous. Consequently, counsel cannot be found deficient for failing to make such an objection. Defendant's claims are without merit and should be denied.

## Quantity and Type of Methamphetamine

Defendant asserts his sentence should be vacated because counsel was ineffective for failing to object to the quantity and "type" of methamphetamine involved in the conspiracy. Defendant's base offense was determined on his accountability for 5,026 grams of actual methamphetamine. Defendant appears to argue that since the indictment alleged the conspiracy involved "500 grams or more of a mixture and substance containing a detectable amount of methamphetamine," his base offense level should have been determined on the "entire weight of the mixture or substance" rather than on the "weight of the methamphetamine (actual)." Defendant then makes the argument that his responsibility was limited to the 500 grams of a mixture alleged in the indictment, rather than based on the 20 pounds of methamphetamine seized from the residence utilized by defendant, thereby warranting a base offense level of 32 rather than 38. That contention has previously been addressed.

As used in 21 U.S.C. 841(b)(1)(A)(viii), the "500 grams of methamphetamine" refers to 500 grams "of the drug however it is found." *United States v. Frazier*, 28 F.3d 99, 101 (11th Cir. 1994). The amount of methamphetamine for which defendant was held responsible was 5,026 grams of actual methamphetamine, an amount determined by an analysis of the 20 pounds of methamphetamine found at the residence utilized by defendant. Defendant has not demonstrated counsel could have validly objected to the use of the "actual" amount of drug as opposed to the

"mixture." Moreover, defendant cannot show the use of the "mixture" quantity would have resulted in a lower base offense level as the offense level is to be determined using the "greater" of the mixture calculation or the actual calculation. Defendant has not proven deficient representation by his counsel. Defendant's claim is without merit and should be denied.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that motion to vacate filed by defendant JULIO CESAR JACOBO be DENIED except for defendant's allegation of ineffective assistance of counsel as it relates to counsel's alleged failure to file a direct appeal. This issue is scheduled for evidentiary hearing on Thursday, September 6, 2007.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 28th day of August 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).