
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:03-CR-0047 (03) |
| | § | |
| JULIO CESAR JACOBO | § | |

**SUPPLEMENTAL REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Defendant JULIO CESAR JACOBO has filed with this Court a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. On August 28, 2007, the undersigned United States Magistrate Judge entered a Report and Recommendation recommending the motion to vacate be denied except for defendant's allegation of ineffective assistance of counsel as it related to counsel's alleged failure to file a direct appeal. An evidentiary hearing on this sole remaining issue was held September 6, 2007. For the reasons hereinafter expressed, the undersigned Magistrate Judge is of the opinion defendant's motion to vacate, set aside or correct sentence also be DENIED as to defendant's claim that he was denied effective assistance of counsel because trial counsel did not perfect an appeal on defendant's behalf.

Pleadings and Affidavit

In his motion to vacate, defendant alleges counsel was ineffective in that he "failed to submit an appeal as [defendant] requested at sentencing." Defendant contends he "informed his attorney that he wished to appeal his sentence and his attorney did not adhere to [defendant's] request." In a supporting memorandum, defendant also contends he "was first allowed to view [the

PSI report] for the first time on the date of his sentence," to wit: October 1, 1993, and informed counsel he wished to appeal his sentence "because there was error in the PSI," because of factors used in determining defendant's sentencing range, and because his sentence range was not what his attorney had advised it would be. Defendant contends he did not waive his right to appeal as part of his plea agreement, was never informed he could not appeal his sentence and, in fact, specifically had the right to appeal his sentence under 18 U.S.C. § 3742(a). Defendant maintains he would have filed an appeal himself, even though he has only a 5th grade education and does not speak, read or write English, had he known counsel was not pursuing an appeal on his behalf. Defendant argues he was prejudiced by counsel's failure to file a notice of appeal because it "took from petitioner his post conviction right to an appeal." Defendant concludes prejudice is presumed and that he does not have to specify what points he would have raised on appeal or show such points would likely have had merit because defense counsel denied defendant review of his case by a higher court by failing to perfect an appeal.

On September 29, 2004, defendant's trial counsel submitted an affidavit, sworn to and the truth of which was declared under penalty of perjury, wherein he averred, "Mr. Jacobo never expressed to me, in Spanish or English, a desire to appeal his conviction."[1] This affidavit, however, was not part of the official court records. Since court records on file did not resolve this remaining issue, the evidentiary hearing was held to resolve this claim.

---

[1]Defendant, in his reply, argues counsel's statement in his affidavit that defendant did not advise him to appeal his "conviction" should not be considered as evidence refuting his claims because defendant never disputed the conviction, rather, he instructed counsel to appeal his "sentence." The undersigned does not afford such significance to trial counsel's choice of wording as an appeal would encompass a challenge to all aspects of the underlying proceeding, even if the grounds of error raised may attack only the sentence assessed as a result of the conviction.

## Evidentiary Hearing Testimony

Defendant's trial counsel, Mr. Dennis Boren, was called as the first witness at the evidentiary hearing. Mr. Boren testified he had been unable to locate his file on this case. He testified that during his representation of defendant, he had to use an interpreter to communicate with defendant, explaining he used several interpreters during the course of his representation. Counsel testified he did not have the factual resume and plea agreement transcribed into Spanish for the defendant, but stated he did go over these documents with the defendant through an interpreter. Counsel averred he did not discuss any appellate rights with the defendant whatsoever, namely, he did not advise him of any right to appeal or any time limits for an appeal. Counsel further testified he did not tell defendant he could not challenge anything, and that defendant did not ask counsel what an appeal was. Counsel reiterated he had no discussion at all of an appeal, whether initiated by him or defendant.

Counsel stated he did recall meeting with defendant in the holding cell just prior to sentencing and that he may have, and probably did, use another prisoner to interpret their conversation. Counsel testified that prior to sentencing, he discussed the PSI report with defendant, but did not remember how it was discussed. Counsel did not recall meeting with defendant after sentencing, nor did he recall the last conversation he had with defendant. Mr. Boren did not recall receiving any correspondence from defendant after sentencing. Counsel averred that if defendant is now claiming he requested counsel file an appeal, such claim is not true.

Defendant Jacobo also testified at the evidentiary hearing. Defendant advised that prior to this case, he had never been arrested before, been in court before, or had an attorney before. Defendant averred he does not speak, read or write English, and that any documents in English that

were presented to him were read to him in Spanish by an interpreter, although he did not understand very much of what he was read. Defendant averred he did not receive a copy of the PSI report until the morning of his sentencing hearing and that another inmate showed him the possible sentence range in the PSI. Defendant averred this was the first time he saw the sentencing range, and that he was surprised at the range.

Defendant testified that while in the holding cell, just before sentencing, he heard the term "appeal" from the other defendants. Defendant testified he understood the term to be a way to reduce a defendant's sentence or range of sentence. Defendant testified he had not had any prior discussions with counsel concerning an appeal. Defendant testified that while in the holding cell, just prior to sentencing, he specifically instructed counsel to file an appeal using co-defendant Manuel Lujan to interpret. Defendant explained he requested the appeal because the other inmate had just shown him the possible sentence range, and it was much higher than he had been led to believe it would be. Defendant testified co-defendant Lujan advised him counsel said defendant had no right to anything.

Defendant testified that after sentencing but prior to being sent to prison, he had no more conversations with counsel, but that approximately 10-15 days after he arrived in prison on November 12, 2003, he attempted to contact counsel by a letter written in English by a friend. Defendant averred he has the receipt showing counsel received the letter, but was not allowed to bring his legal materials with him from federal prison. Defendant acknowledged his letter, wherein he asked counsel to present an appeal, did not mention his previous request to appeal made in the holding cell through the co-defendant. Defendant averred he also sent a second letter to counsel, a copy of which is in his legal materials at the federal prison.

Mr. Boren testified in rebuttal stating he did not file objections to the PSI report, and that it was his recollection that he went over the PSI report with defendant, through an interpreter, prior to the deadline for filing objections to the report.

Post-Hearing Supplementation

On September 17, 2007, defendant submitted, as a supplementation to the record, a letter with Exhibits 1 and 2 attached. Exhibit 1 consists of a letter dated September 17, 2007, to counsel from an employee from the federal correctional institution at White Deer, Pennsylvania. That letter advises that defendant JACOBO's personal property has been inspected and that a document, consisting of a U.S. Postal return receipt card documenting correspondence to Dennis Boren at Amarillo, Texas, was the only document found. Exhibit 2 is a certified mail, return receipt, reflecting a receipt of a letter addressed to Dennis R. Boren, 910 West 7th Street, Amarillo, Texas. The exhibit further reflects that a J. Ballard signed for this piece of certified mail on May 27, 2004. Defendant did not submit, as an exhibit, a copy of the correspondence purportedly included in the envelope received by Mr. Boren on May 27, 2004.

Effectiveness of Trial Counsel

To demonstrate ineffective assistance of counsel based on a claim that counsel failed to file a notice of appeal, a defendant must show that the failure to file fell below an objective standard of reasonableness and that it prejudiced the defendant. *See Roe v. Flores-Ortega*, 528 U.S. 470, 484, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Failing to file a notice when requested to do so can constitute deficient performance. *Id*. at 477-78. As to prejudice, the defendant need not demonstrate he would have been able to raise meritorious issues on appeal. *Id*. at 486. Rather, he must demonstrate only that there is a reasonable probability that, but for counsel's failure, he would have

appealed. *Id*. Defense counsel, however, does not have a duty to perfect an appeal on behalf of a convicted defendant unless and until the defendant makes it known that he wants to appeal. *Childs v. Collins*, 995 F.2d 67, 69 (5th Cir. 1993). The decision to appeal or not appeal is that of the defendant, not defense counsel. Counsel will only be found to be deficient if he fails to follow the defendant's express instructions with respect to an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).[2]

If defendant did instruct and/or ask counsel to file a direct appeal, and counsel did not, then prejudice is established and defendant is entitled to relief in the form of an out-of-time direct appeal. The merits of such a direct appeal are not relevant. *Roe v. Flores-Ortega*, 528 U.S. 470, 484, 120 S.Ct. 1029, 1038-38, 145 L.Ed.2d 985 (2000).

Credibility Determinations

In assessing the weight and credibility to be assigned to the testimony of the witnesses, the Court finds the testimony of Mr. Boren more credible than that of defendant JACOBO. Mr. Boren, is an officer of the court and has very little, if anything, to gain by testifying falsely. While Mr. Boren's recollection of the events pertaining to his representation of defendant JACOBO was not complete, Mr. Boren did not equivocate on the question of whether he and defendant JACOBO ever discussed the issue of appeal. Defendant JACOBO's testimony, however, was somewhat inconsistent. The defendant was not clear whether he had discussed the Presentence Investigation Report with Mr. Boren in detail on one occasion or on more than one occasion, giving different answers on direct examination and on cross-examination. Whether defendant JACOBO's inconsistent responses were a result of the language difficulty, his intellectual abilities, or some other reason, the fact remains that Mr. JACOBO's testimony was not credible to the degree that it is more believable than Mr. Boren's.

---

[2]"[F]ailure of counsel to timely file an appeal upon request of the defendant . . . would constitute ineffective assistance of counsel entitling the defendant to post-conviction relief in the form of an out-of-time appeal." *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir.1982).

In addition, defendant JACOBO's testimony in court differs from the allegations in his motion to vacate. Defendant JACOBO's allegations in his motion to vacate were unambiguous. In his pleadings, he clearly stated he instructed Mr. Boren to appeal his sentence. While the Court realizes the defendant may have availed himself of the services of other inmates, including writ writers or inmates who profess to be competent in legal matters, defendant JACOBO remains responsible for pleadings submitted to the Court under his signature. The allegations in his motion to vacate relating to trial counsel's failure to file a direct appeal do not provide information such as was testified in Court that the instructions were allegedly given prior to sentencing and were allegedly relayed from defendant JACOBO to Mr. Boren through a co-defendant in the holding cell. The Court has reviewed Exhibits 1 and 2 submitted by defendant. While those exhibits are relevant in that they reflect correspondence of some sort was sent from defendant to Mr. Boren's address in May 2004, they are not sufficient to warrant habeas relief being granted. Even if the envelope received May 27, 2004 at the address indicated on the return receipt did, in fact, contain correspondence from defendant directing Mr. Boren to file a direct appeal of his sentence, and even if defendant could show Mr. Boren received the correspondence, the request to appeal was far too late.

The burden of establishing ineffective assistance of counsel is on defendant JACOBO, and he has not met that burden by a preponderance of the evidence. Specifically, the undersigned finds defendant JACOBO did not communicate a direct request to Mr. Boren to file a direct appeal.

Interestingly, it may very well be that defendant JACOBO's out-of-time attempt to amend his motion to vacate and submit a new claim that he was unaware of his appellate rights and was never informed of such rights, either by his counsel or by the Court, is more credible than his claim that counsel failed to appeal as instructed. The motion to amend, however, was not submitted until after the one-year limitations period to file a motion to vacate had expired. Further, the allegation in the

motion to amend would not relate back to petitioner's original allegations because the allegation is that the Court failed to advise him of his appellate rights. This claim was not previously asserted in the motion to vacate. Instead, only ineffective assistance of counsel claims were timely asserted. Further, even if this untimely claim is more believable, it remains that defendant's allegation still completely contradicts his earlier allegation that he was aware of his appellate rights and instructed counsel to pursue a direct appeal.

Based upon all of the above, the Court finds that defendant Jacobo has not established by a preponderance of the evidence that he is entitled to relief on his ineffective assistance of counsel regarding the failure of counsel to file a direct appeal.

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that defendant Jacobo's allegation of ineffective assistance of counsel as it relates to counsel's alleged failure to file a direct appeal be DENIED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 17th day of September 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

In the event a party wishes to object to these proposed supplemental findings, conclusions and recommendation, the deadline for filing objections is **September 24, 2007.** Any such objections shall be made in a written pleading entitled "Objections to the Supplemental Report and Recommendation."

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).